activities." Our interpretation of the majority opinion in the Dickinson case is based not only upon our understanding of it but also upon the construction given it in the dissenting opinion wherein it is stated:

"Under today's decision, it is not sufficient that the board disbelieve the Registrant. The board must find and record affirmative evidence that he has misrepresented his case * * *."

 The record in this case is devoid of evidence to support the Appeal Board's I–A classification or to support its denial of the local board's I–O classification.

Upon the authority of Taffs v. United States and Dickinson v. United States,[1] the judgment must be reversed. It is so ordered.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

PER CURIAM.

This case was argued and submitted with the case of Weaver v. United States, 8 Cir., 210 F.2d 815. It was decided with the Weaver case and upon the same grounds. For the reasons stated in Weaver v. United States, decided this day, the cause is reversed.

---

**OLIVER  v.  ELLIS.**

**No. 14797.**

United States Court of Appeals
Fifth Circuit.

March 5, 1954.

Rehearing Denied March 29, 1954.

---

**George Marcus LOWE, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 14922.**

United States Court of Appeals
Eighth Circuit.

Feb. 19, 1954.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Joseph L. Flynn, Asst. U. S. Atty., St. Joseph, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

1. Since the submission of this case our attention has been called to the cases of Schuman v. United States, 9 Cir., 208 F.2d 801, and Jewell v. U. S. (Thoman v. United States), 6 Cir., 208 F.2d 770, applying the Dickinson case to facts similar to those in the case at bar and with the same result.